CORRECTED

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1013V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MENDY TATRO | \* | |
| | \* | |
| Petitioner, | \* | Filed: February 16, 2021 |
| | \* | |
| v. | \* | |
| | \* | Entitlement; Decision by Proffer; Damages; |
| SECRETARY OF HEALTH AND | \* | Influenza ("Flu") Vaccine; Shoulder Injury |
| HUMAN SERVICES | \* | Related to Vaccine Administration |
| | \* | ("SIRVA") |
| Petitioner, | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Jimmy A. Zgheib*, Zgheib Sayad P.C., White Plains NY, for Petitioner.
*Lynn C. Schlie*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On July 13, 2018, Petitioner Mendy Tatro filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on November 8, 2017. Petition, ECF No. 1.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On February 12, 2021, Respondent filed an amended Rule 4(c) Report[3] ("Respondent's Report"), stating that "Medical personnel at the Division of Injury Compensation Programs, Department of Health and Human Services have reviewed the petition and medical records filed in the case and determined that petitioner has satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation.". Am. Resp't's. Rep., ECF No. 48 at 7. "[B]ased on the record as it now stands, Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act." *Id*.; *see also* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

Respondent filed a proffer on February 12, 2021 (ECF No. 48), agreeing to issue the following payments:

> a. a lump sum payment of **$166,695.33** for all damages, paid in the form of a check to Petitioner, Mendy Tatro.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $166,695.33, in the form of a check payable to Petitioner, Mendy Tatro**. The clerk of court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Because the combined Rule 4(c) report and proffer contains information regarding Petitioner's personal medical history which is not generally included in a proffer, when separately filed, I will not attach the proffer to the decision in this case.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.